Ingber v Mario L. Martinez (2021 NY Slip Op 08170)





Ingber v Mario L. Martinez


2021 NY Slip Op 08170


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-08286
 (Index No. 515/15)

[*1]Keith Ingber, etc., et al., appellants, 
v
Mario L. Martinez, et al., respondents.


Ronald S. Kossar, Middletown, NY, for appellants.
Marvin Newberg, Monticello, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and conversion, and for declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated April 27, 2018. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was for summary judgment on the ninth cause of action, and granted the defendants' cross motion for summary judgment dismissing the third amended complaint.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the defendants' cross motion which were for summary judgment dismissing the first, second, and fourth causes of action, and substituting therefor a provision denying those branches of the cross motion, and (2) by deleting the provision thereof granting that branch of the defendants' cross motion which was, in effect, for summary judgment declaring that they were not obligated to return certain stock to the estate of Jack S. Ingber, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendants.
The plaintiffs Sarah Bender and Pamela W. Ingber are stockholders of the defendant Catskill Hudson Bank (hereinafter the bank), and the plaintiffs Keith Ingber and Audrey Ingber Bender are representatives of deceased stockholder Jack S. Ingber (hereinafter the decedent). The individual defendants are officers and directors of the bank. In 2003, nonparty 230-275 Realty, LLC (hereinafter the LLC), executed a promissory note in favor of the bank. As security for the note, the LLC executed a mortgage in favor of the bank encumbering commercial property located in Monticello (hereinafter the property). In 2008, the decedent, then a managing member of the LLC, executed (1) a commercial guaranty, wherein he guaranteed the LLC's obligations under "the Note and the Related Documents," and (2) a commercial pledge agreement, wherein the decedent granted the bank a security interest in his 8,584 shares of bank stock (hereinafter the decedent's stock) as additional collateral for the loan (hereinafter the stock pledge agreement).
In 2009, the bank commenced an action to foreclose the mortgage against, among others, the LLC. In 2011, a judgment of foreclosure and sale was entered in favor of the bank and against the LLC. In 2013, following the bank's purchase of the property for $50,000 at a foreclosure sale auction, a deficiency judgment was entered in favor of the bank and against the LLC in the principal sum of $295,010.58. In January 2014, the bank transferred the decedent's stock to itself [*2]as treasury stock, and used the published value of the stock as a "setoff" against the decedent's "indebtedness to the bank."
In 2015, the plaintiffs commenced the instant action alleging, inter alia, that the defendants' "seizure and sale" of the decedent's stock was a breach of the stock pledge agreement (first cause of action), conversion of the decedent's stock (second cause of action), and breach of fiduciary duty (fourth cause of action). After issue was joined, the plaintiffs moved for leave to add a ninth cause of action for a judgment declaring that the commencement of an action to enforce the guaranty and stock pledge agreement would be time-barred and that the defendants were obligated to return the decedent's stock to his estate, and for summary judgment on the ninth cause of action. The defendants cross-moved for summary judgment dismissing the third amended complaint. In an order dated April 27, 2018, the Supreme Court, among other things, denied that branch of the plaintiffs' motion which was for summary judgment on the ninth cause of action, and granted the defendants' cross motion for summary judgment dismissing the third amended complaint. The plaintiffs appeal.
Initially, while the plaintiffs argue that the defendants failed to timely commence an action to enforce the guaranty and stock pledge agreement, the defendants correctly assert that they were not required to commence such an action to use the decedent's stock to satisfy the deficiency. Insofar as relevant here, the stock pledge agreement provided that in the event of a default, the bank was entitled to exercise remedies including the sale of the stock, at its discretion, at "public or private sales," with at least 10 days notice in advance of the sale, "[u]nless the [stock] is of a type customarily sold on a recognized market."
Pursuant to UCC 9-610(a), after a default, a secured party in possession of collateral may sell or otherwise dispose of the collateral. However, UCC 9-611 requires a secured party that disposes of collateral under section 9-610 to provide notification of disposition to, among others, the debtor or secondary obligor, unless, inter alia, the collateral "is of a type customarily sold on a recognized market" (UCC § 9-611[d]; see UCC § 9-611[b], [c]). Here, the plaintiffs failed to eliminate triable issues of fact as to whether the decedent's stock was "of a type customarily sold on a recognized market," which, if established, would excuse the bank's failure to provide notice of the disposition of the stock to the decedent (UCC § 9-611[d]). Thus, the plaintiffs failed to establish their prima facie entitlement to a judgment declaring that the defendants were obligated to return the decedent's stock to his estate.
With regard to the defendants' cross motion for summary judgment, the Supreme Court improperly considered the defendants' submissions of market information printed off the internet and various bank documents, since those records constituted inadmissible hearsay (see Atlantic Fin., LLC v Xinlei Lin, 158 AD3d 598, 599; Greater Bright Light Home Care Servs., Inc. v Jeffries-El, 151 AD3d 818, 821). The defendants failed to lay a proper foundation for the admissibility of the bank records pursuant to CPLR 4518. "A proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures" (Citibank, N.A. v Cabrera, 130 AD3d 861, 861). The affirmation from the defendants' attorney submitted in support of the cross motion failed to set forth that the attorney "was personally familiar with [the bank's] record keeping practices and procedures," and thus, was insufficient to lay a proper foundation for the admission of the bank records (Cadlerock Joint Venture, L.P. v Trombley, 150 AD3d 957, 959). Since this was the only evidence submitted by the defendants to establish that the decedent's stock traded on an over-the-counter market for a value certain during the period at issue, or to establish that the bank conducted the transfer of the decedent's stock in accordance with the stock pledge agreement, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the first, second, and ninth causes of action. Accordingly, the Supreme Court should have denied those branches of the defendants' cross motion which were for summary judgment dismissing the first and second causes of action, and, in effect, for summary judgment declaring that they were not obligated to return the decedent's stock to his estate, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Furthermore, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the fourth cause of action, alleging breach of fiduciary duty based upon the doctrine of collateral estoppel, since the plaintiffs and most of the individual defendants were not parties to the prior foreclosure action (see Buechel v Bain, 97 NY2d 295). Thus, the Supreme Court should have denied that branch of the defendants' cross motion which was for summary judgment dismissing the fourth cause of action, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court