Flexibility Capital, Inc v Highway Surfers LLC (2024 NY Slip Op 50242(U))

[*1]

Flexibility Capital, Inc v Highway Surfers LLC

2024 NY Slip Op 50242(U)

Decided on March 10, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 10, 2024
Supreme Court, Kings County

Flexibility Capital, Inc, Plaintiff,

against
Highway Surfers LLC and Ermina Begic, Defendants.

Index No. 523581/2023

AWN&R Commercial Law Group, PLLC, New York City (Haoxu Li of counsel), for Plaintiff.
Aaron D. Maslow, J.

The following numbered papers were used on this motion:
Submitted by Plaintiff
NYSCEF Doc No. 6: Notice of Motion
NYSCEF Doc No. 7: Affidavit of Gina Monteforte in Support ("Monteforte aff")
NYSCEF Doc No. 8: Affirmation of Jeffrey Parrella in Support ("Parrella aff")
NYSCEF Doc No. 9: Exhibit A — Contract
NYSCEF Doc No. 10: Exhibit B — Deposit Transaction
NYSCEF Doc No. 11: Exhibit C — Payment History
NYSCEF Doc No. 12: Exhibit D — Summons and Complaint
NYSCEF Doc No. 13: Exhibit E — Answer
NYSCEF Doc No. 14: Memorandum of Law in Support
NYSCEF Doc No. 15: Affirmation of Service
NYSCEF Doc No. 16: Request for Judicial Intervention
This is an action commenced by the Plaintiff, alleging breach of a contract by the Defendant business to sell its future receivables to Plaintiff, otherwise known as a merchant cash advance contract (see NYSCEF Doc No. 9, complaint). Plaintiff is moving for summary judgment.
Plaintiff Flexibility Capital, Inc. alleges that it entered into a contract with Defendant merchant Highway Surfers LLC to purchase $14,700.00 of said Defendant's future receivables (see NYSCEF Doc No. 7, Monteforte aff ¶ 11). Defendant Ermina Begic is alleged to have [*2]personally guaranteed payment (see id. ¶ 12). Plaintiff alleges further that it performed its duties in the contract by remitting the sum of $10,000.00 minus a $400.00 origination fee to purchase the receivables (see id. ¶ 15).
Plaintiff alleges that Defendant merchant breached the contract in the following manner: by failing to continue to make payments of receivables, by failing to deposit receivables into Plaintiff's designated bank account, by depositing receivables into a different account than the designated one in the contract, and by blocking Plaintiff's access to said Defendant's designated bank account (see id. ¶ 16).
Plaintiff's summary judgment motion seeks to hold Defendants liable in the sum of $7,956.00, comprised of $5,121.00 in unpaid receivables plus $2,835.00 in fees (see id. ¶¶ 17, 20-21).
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]).
In support of Plaintiff's motion, it submitted several exhibits, including what purport to be the contract (see NYSCEF Doc No. 9), proof of payment of the purchase price (see NYSCEF Doc No. 10), and a payment history (see NYSCEF Doc No. 11).
Defendants did not oppose Plaintiff's motion for summary judgment. However, as this Court held in Atipana Credit Opportunity Fund I, LP v Empire Restaurants AZ Corp. (80 Misc 3d 1208[A], 2023 NY Slip Op 50939[U] [Sup Ct, Kings County 2023]), the party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, and even in the absence of opposition, it would be unconscionable for this Court to grant summary judgment to a moving plaintiff where there is a complete absence of the most basic prima facie case of entitlement to judgment as a matter of law.
In order for business records to be admissible in evidence, either on a motion or at trial, they have to meet the requirements mandated by law, as provided in CPLR 4518 and in case law. For this motion, Plaintiff relies on NYSCEF Doc No. 7, which is the affidavit of Gina Monteforte, a managing member, to authenticate the contract, proof of payment of the purchase price, and Defendant's payment history.
To be admissible in evidence, first, the records must be made in the regular course of business (see CPLR 4518 [a]). This Court finds that the Monteforte affidavit fails to establish this with respect to those three documents. There is no statement that they were made in the regular course of business.
To be admissible in evidence, second, it must be the regular course of business to make such records (see CPLR 4518 [a]). This Court finds that the Monteforte affidavit fails to [*3]establish this with respect to the aforesaid three documents. There is no statement that it was the regular course of business to make them.
To be admissible in evidence, third, the records must have been made at the time of the act or occurrence or within a reasonable time thereafter (see CPLR 4518 [a]). This Court finds that the Monteforte affidavit fails to establish this with respect to the aforesaid three documents. There is no statement that the records were made at the time of the act or occurrence or within a reasonable time thereafter.
While Ms. Monteforte states, "It is the regular course of Plaintiff's business to make its business records, which are made at or about the time of the event or transaction recorded, either automatically by computer, or by employees under a duty to make the records (NYSCEF Doc No. 7, Monteforte aff ¶ 4)," this is general in nature and not specific to any particular documents.
To be admissible in evidence, fourth, the records must be made by a person who has personal knowledge of the act or occurrence and is under a business duty to report it. This foundational element is important in the realm of financial transactions because often acts or occurrences are recorded by one person or company and then transmitted to or incorporated into another company's records. It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted. (Johnson v Lutz, 253 NY 124 [1930]; Bank of New York Mellon v Gordon, 171 AD3d 197 [2d Dept 2019]; Coolidge Capital LLC v Marine Plus LLC, 81 Misc 3d 1206[A], 2023 NY Slip Op 51278[U] [Sup Ct, Kings County 2023]; Capybara Capital LLC v Zilco NW LLC, 78 Misc 3d 1238[A], 2023 NY Slip Op 50476[U] [Sup Ct, Kings County 2023].)
In this motion, the fourth foundational element to establish the business record exception was not met. The entries contained in the payment history emanated from a different entity named Flexibility Funding, Inc (see NYSCEF Doc No. 11, payment history at 2). In other words, someone at this other entity is privy to said records which apparently are relied upon by Plaintiff although it does not state such explicitly. However, nowhere in Plaintiff's papers is there reference to the records of this other entity, and there is no affidavit from someone at this entity with knowledge of its records. The Court relies on its decision in Fenix Capital Funding LLC v Sunny Direct, LLC (81 Misc 3d 1243[A], 2024 NY Slip Op 50131[U]) for the proposition that in such an instance the merchant cash advance plaintiff fails to establish the payment history as an admissible business record.
Whoever at Plaintiff made the payment history record entries is unidentified in its papers. This too denudes a merchant cash advance plaintiff of establishing the payment history as an admissible business record (see Capybara Capital LLC v Zilco NW LLC, 2023 NY Slip Op 50476[U]). Moreover, the payment history contains coded data in the form of code R01, which is not explained in the Monteforte affidavit which purports to authenticate it.
There cannot be a breach of contract if the plaintiff's performance is not established (see Merchant Advance LLC v PP Services Corp., 2022 NY Slip Op 34022 [Sup Ct, Kings County 2022]). Here, proof of payment by Plaintiff to Defendant merchant in exchange for the future receivables is deficient because there is no authenticating affidavit from someone with knowledge at M&T Bank, which processed the payment (see NYSCEF Doc No. 10, deposit transaction).
To the extent that the attorney affirmation of Jeffrey Parrella attempts to authenticate the contract, the proof of payment by Plaintiff to Defendant, and the payment history, as business records admissible as exceptions to the hearsay rule, it is deficient because although he avers to [*4]be familiar with the facts and circumstances underlying this action, he failed to allege personal knowledge with Plaintiff's recordkeeping practices and procedures (see NYSCEF Doc No. 8, Parrella aff; Ingber v Martinez, 191 AD3d 959 [2d Dept 2021]).
Plaintiff has failed to establish its entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact (see Smalls v AJI Industries, Inc., 10 NY3d 733; Alvarez v Prospect Hosp., 68 NY2d at 324), because it failed to establish prima facie that there was a breach of a contract to purchase future receivables. Accordingly, its motion for summary judgment is DENIED.
Dated: March 10, 2024
Hon. Aaron D. Maslow