RDM Capital Funding, LLC v Shoegod 313 LLC (2024 NY Slip Op 51077(U))

[*1]

RDM Capital Funding, LLC v Shoegod 313 LLC

2024 NY Slip Op 51077(U)

Decided on August 20, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 20, 2024
Supreme Court, Kings County

RDM Capital Funding, LLC DBA FINTAP, Plaintiff(s),

against
Shoegod 313 LLC DBA THE SHOE TRAP, and DAMEAN HENDERSON, Defendant(s).

Index No. 522647/2023

AWN&R Commercial Law Group, New York City (Oladipo Akinrolaby of counsel), for plaintiff.
Dominick Dale, Brooklyn (Christopher Conway of counsel), for defendants.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 18-28, 30-32.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had, the within motion is determined as follows.
This is an action commenced by Plaintiff, alleging breach of a contract by Defendant business to sell its future receivables to Plaintiff, otherwise known as a merchant cash advance contract; also breach of guarantee by the individual Defendant. Plaintiff is moving for summary judgment on these causes of action in its complaint.
Plaintiff RDM Capital Funding, LLC d/b/a Fintap alleges that it entered into a contract with Defendant business Shoegod 313 LLC d/b/a The Shoe Trap (hereinafter referred to as "Defendant business") to purchase $19,800.00 of said Defendant's future receivables. Defendant Damean Henderson is alleged to have personally guaranteed payment.
Plaintiff alleges further that it performed its duties in the contract by remitting the sum of $14,400.00 [*2]($15,000.00 purchase price less $600.00 origination fee) to purchase the receivables.
Plaintiff alleges that Defendant business breached the contract by failing to direct its receivables/payments to Plaintiff, by blocking Plaintiff's access to the contract-designated bank account, by failing to deposit receivables into the contract-designated bank account, and/or by depositing receivables into a different bank account than the contract-designated one.
Plaintiff's summary judgment motion seeks to hold Defendants liable in the sum of $13,785.00, comprised of $10,890.00 in unpaid receivables plus $2,895.00 in fees.
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]). On a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 314 [2024]).
In support of Plaintiff's motion, it submitted several exhibits, including what purport to be the contract (see NYSCEF Doc No. 21), proof of payment of the purchase price (see NYSCEF Doc No. 22), and a payment history (see NYSCEF Doc No. 23).
Defendants oppose Plaintiff's motion for summary judgment. They do this in the affirmation of Defendants' counsel (see NYSCEF Doc No. 30). Among the arguments Defendants have made are: Plaintiff failed to lay a proper foundation for any business records (see NYSCEF Doc No. 30 at 3-5); the contract was in reality a usurious loan (see id. at 5-7); the fees are unenforceable penalties (see id. at 7-8); and summary judgment is premature as discovery has not yet taken place (see id. at 8-9).
The submitted business records constitute hearsay evidence. In order for business records to be admissible in evidence as an exception to the hearsay rule, either on a motion or at trial, they have to meet the requirements mandated by law, as provided in CPLR 4518 and in case law. For this motion, Plaintiff relies on NYSCEF Doc No. 19, which is the affidavit of Ian Goldberg, a managing member, to lay a foundation for the admissibility of the submitted contract, proof of payment of the purchase price, and Defendant business' payment history.
Specifically, under the business record exception to the hearsay rule, the records must be made in the regular course of business, it must be the regular course of business to make such records, and the records must have been made at the time of the acts or occurrences described therein or within a reasonable time thereafter (see CPLR 4518 [a]). Further, the records must be made by a person who has personal knowledge of the acts or occurrences described and is under a business duty to report them. This foundational element is important in the realm of financial transactions because often acts or occurrences are recorded by one person or company and then transmitted to or incorporated into another company's records. It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted (see Johnson v Lutz, 253 NY 124 [1930]; Bank of New York Mellon v Gordon, 171 AD3d 197 [2d Dept 2019]; Coolidge Capital LLC v Marine Plus LLC, 81 Misc 3d 1206[A], 2023 NY Slip Op 51278[U] [Sup Ct, Kings County 2023]; Capybara Capital LLC v Zilco NW LLC, 78 Misc 3d 1238[A], 2023 NY Slip Op 50476[U] [Sup Ct, Kings County 2023]).
In this motion, the last foundational element to establish the business record exception was not met. 
"The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (Legum v Russo, 173 AD3d 998 [2d Dept 2019]). Therefore, on this motion for summary judgment, Plaintiff's prima facie burden included having to establish that it performed pursuant to the alleged contract, i.e., that it paid the purchase price for Defendant business' future receivables (see Merchant Advance LLC v PP Services Corp., 2022 NY Slip Op 34022 [Sup Ct, Kings County 2022]). 
Mr. Goldberg purported to lay a foundation for the admissibility of the submitted evidence to prove the funding of the advance to Defendant business, "thus fulfilling its obligation on the Agreement" (NYSCEF Doc No. 19 ¶ 16). As noted above, NYSCEF Doc No. 22 contains the purported proof of payment of the purchase price. On the NYSCEF document list, it is described as "Wire Transaction." In actuality, NYSCEF Doc No. 22 is an email which appears to have been sent by an Elliott Yang, "SVP Finance & Operations" for Fintap, the "DBA" for Plaintiff. The email does not indicate to whom it was sent. It states:
Your wire transfer on 03/10/23, in the amount of $13,400.00, was successfully sent to Shoegod 313 LLC at CITIZENS BANK, NA.
Contact the Operations Department at (877) 552-7255 if you have any questions regarding this transaction. Refer to wire sequence number 109283 in your inquiry.
There then appear an "OMAD" containing a 34-position alphanumeric string and an "IMAD" containing a 22-position one. (NYSCEF Doc No.22.)
It is quite evident that this email is nothing more than a self-created document which merely repeats information contained in the electronic business records of another entity, to wit, the financial institution which allegedly wired money from Plaintiff's account to that of Defendant business. To authenticate the wiring of money, there needs to be authentication of evidence of such from the financial institution which wired the money — not the entity upon whose behalf the money was wired — or, at least, from the financial institution which received the wire transfer on behalf of Defendant business. Anybody can create the type of email submitted by Plaintiff on a computer. Unless the Court is assured that a financial transaction really occurred — that Plaintiff performed its duty under the contract &mdash, it should not grant summary judgment.
The Court relies on its decision in Fenix Capital Funding LLC v Sunny Direct, LLC (81 Misc 3d 1243[A], 2024 NY Slip Op 50131[U] [Sup Ct, Kings County 2024]). Each participant in the chain producing the record, from the initial declarant to the final entrant, must be acting within the course of regular business conduct or the declaration must meet the test of some other hearsay exception (see Johnson v Lutz, 253 NY at 128). "The key to admissibility of the record is that it carries the indicia of reliability ordinarily associated with business records" (Tiffany & Co. v Lloyd's of London Syndicates 33, 510, 609, 780, 1084, 1225, 1414, 1686, 1861, 1969, 2001, 2012, 2232, 2488, 2987, 3000, 3623, 4444, 4472, & 4711, 83 Misc 3d 1211[A], 2024 NY Slip Op 50691[U] [ Sup Ct, NY County 2024]). Nothing in the record here from Plaintiff confirms in a manner consistent with the business record exception to the hearsay rule that an actual wire transfer took place.
Further, it would not be enough to show proof that Plaintiff's bank, after wiring the contract purchase price to Defendant's bank, informed Plaintiff of the transfer. As was noted by the Court of Appeals,
"the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records" (Standard Textile Co. v National Equip. Rental, 80 AD2d 911; see also, Yachnin, The Business Record RuleCPLR 4518 (a)Worth Learning and Never Forgetting, NYLJ, May 30, 1995, at 12, col 5 [objection for lack of foundation warranted when "the writing is a business record but received from another business entity"]). The reason for this rule is that "[s]uch papers simply are not made in the regular course of business of the recipient, who is in no position to provide the necessary foundation testimony as to [*3]the regularity and timeliness of their preparation or the source of information contained in the records" (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 4518:1, at 105). Nor, generally, would the recipient be aware whether the information was imparted by one under a "business duty" to report to the entrant (see, Johnson v Lutz, 253 NY 124). (People v Cratsley, 86 NY2d 81, 90 [1995].)
Therefore, if the email contained herein as NYSCEF Doc No. 22 originally emanated from Plaintiff's bank, Mr. Goldberg's affidavit, as written, does not provide the necessary foundation for the admission of the email to prove performance of the contract on the part of Plaintiff.
To the extent that the attorney affirmation of Jeffrey Parrella attempted to authenticate the submitted documents and have them deemed business records admissible under an exception to the hearsay rule, it is deficient because although he avers to be fully familiar with the facts and circumstances underlying this action, he failed to allege personal knowledge of Plaintiff's recordkeeping practices and procedures (see NYSCEF Doc No. 20; Ingber v Martinez, 191 AD3d 959 [2d Dept 2021]). While Mr. Parrella averred, "A true and accurate copy of the Funding Confirmation is attached herein as Exhibit 'B' (NYSCEF Doc No. 20 ¶ 5), we are not informed of the source of this averment.
Defendants correctly argued that Plaintiff failed to lay a proper foundation for the proffered business records, at least to the extent of establishing Plaintiff's performance of the contract through admissible evidence. (Any evidentiary issues regarding the other submitted documents need not be determined.) Plaintiff not having established its performance of the alleged contract, this Court is constrained to find that Plaintiff's record evidence fails to make out a prima facie case of entitlement to summary judgment on its breach of contract claim as a matter of law. Likewise there is no prima facie entitlement to summary judgment on its claim for breach of guarantee. The failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers in terms of showing that there is a material issue of fact (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733; Alvarez v Prospect Hosp., 68 NY2d at 324). 
Other issues posed by Defendant — whether the contract was in reality a usurious loan, whether the fees are unenforceable penalties, and whether summary judgment is premature — are rendered academic.
Accordingly, Plaintiffs motion for summary judgment is DENIED.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court