Main St. Merchant Servs. Inc. v Adams (2025 NY Slip Op 50297(U))

[*1]

Main St. Merchant Servs. Inc. v Adams

2025 NY Slip Op 50297(U)

Decided on March 8, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 8, 2025
Supreme Court, Kings County

Main Street Merchant Services Inc., Plaintiff,

against
John K Adams DBA Music City Antique AKA Music City Building Supply, Georgia on My Mind, Inc and John Adams Realty, Inc, Defendants.

Index No. 509085/2023

Zachter PLLC, New York City (David Pomerantz of counsel), for plaintiff.
Gelb & Black, P.C., Brooklyn (Christopher Conway of counsel), for defendants.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 10-18, 20-25.
Upon the foregoing papers, having heard argument, and due deliberation having been had thereon, the within motion is determined as follows.
This is an action commenced by Plaintiff Main Street Merchant Services Inc. ("Plaintiff"), alleging breach of a contract by Defendants Music City Antique a/k/a Music City Building Supply, Georgia On My Mind, Inc, and John Adams Realty, Inc ("business Defendants") to sell their future revenues to Plaintiff, otherwise known as a revenue purchase agreement. Plaintiff claims it purchased $74,250.00 of said business Defendants' future revenue. Defendant John K. Adams is alleged to have personally guaranteed payment. Plaintiff is moving for summary judgment on the causes of action in its complaint. (See generally NYSCEF Doc No. 11, Cerullo aff.)
Plaintiff alleges further that it performed its duties set forth in the contract by remitting the sum of $55,000.00 to purchase Defendant business' future revenue (see id. ¶ 12).
Plaintiff alleges that Defendant business breached the contract by interfering with Plaintiff's ability to collect daily installments, by allowing Plaintiff to receive four or more rejected ACH transactions, and by not providing timely notice of change in Plaintiff's financial condition (see id. ¶¶ 17-20).
Plaintiff's summary judgment motion seeks to hold Defendants liable in the sum of $20,910.62, comprised of $15,910.62 in unpaid receivables plus $5,000.00 in default fees (see id. ¶¶ 15, 22-23).
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). If there is any doubt as to the existence of a triable issue of fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]).
In support of Plaintiff's motion, it submitted several exhibits, including what purport to be the contract (see NYSCEF Doc No. 14) and a payment history (see NYSCEF Doc No. 15).
Defendants opposed Plaintiff's motion. They argued, inter alia, that the evidence submitted by Plaintiff is not in admissible form and that there are material issues of fact (see generally NYSCEF Doc No. 22, Black aff).
In order for business records to be admissible in evidence, either on a motion or at trial, they have to meet the requirements mandated by law, as provided in CPLR 4518 and in case law. For this motion, Plaintiff relies on the affidavit of Joseph Cerullo, its director of risk management, to lay a foundation for the admissibility of the submitted records (see NYSCEF Doc No. 11, Cerullo aff).
To be admissible in evidence, the records must be made in the regular course of business, it must be the regular course of business to make such records, and the records must have been made at the time of the act or occurrence or within a reasonable time thereafter (see CPLR 4518 [a]).
In addition, to be admissible in evidence, the records must be made by a person who has personal knowledge of the act or occurrence and is under a business duty to report it. This foundational element is important in the realm of financial transactions because often acts or occurrences are recorded by one person or company and then transmitted to or incorporated into another company's records. It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted (see Johnson v Lutz, 253 NY 124 [1930]; Bank of NY Mellon v Gordon, 171 AD3d 197 [2d Dept 2019]; Coolidge Capital LLC v Marine Plus LLC, 81 Misc 3d 1206[A], 2023 NY Slip Op 51278[U] [Sup Ct, Kings County 2023]; Capybara Capital LLC v Zilco NW LLC, 78 Misc 3d 1238[A], 2023 NY Slip Op 50476[U] [Sup Ct, Kings County 2023]).
In this motion, the fourth foundational element to establish the business records exception was not met. The entries contained in the submitted payment history emanated from a [*2]financial institution who engaged in Automated Clearing House (ACH) electronic transfers of money on Plaintiff's behalf. The payment history itself uses the term "ACH" to denote these transfers. (See NYSCEF Doc No. 15, payment history). In other words, someone at the financial institution is privy to said financial institution's records, which apparently are relied upon by Plaintiff although it does not state such explicitly. However, nowhere in Plaintiff's papers is there reference to the records of the financial institution, the financial institution is not identified, and there is no affidavit from someone at the financial institution with knowledge of its records. The Court relies on its decision in Fenix Capital Funding LLC v Sunny Direct, LLC (81 Misc 3d 1243[A], 2024 NY Slip Op 50131[U] [Sup Ct, Kings County 2024]). Each participant in the chain producing the record, from the initial declarant to the final entrant, must be acting within the course of regular business conduct or the declaration must meet the test of some other hearsay exception (see Johnson v Lutz, 253 NY at 128). Whoever at Plaintiff made the payment history record entries in its own records is unidentified in its papers (see Capybara Capital LLC v Zilco NW LLC, 2023 NY Slip Op 50476[U]).
Moreover, the submitted payment history fails to identify the purchaser of the future receivables and also fails to associate the transactions with business Defendants (see NYSCEF Doc No. 15, payment history). Also, the submitted payment history is inconsistent with the Cerullo affidavit in that the affidavit alleges that there were four or more rejected ACH transactions whereas the payment history shows only one (compare NYSCEF Doc No. 11, Cerullo Aff, with NYSCEF Doc No. 15, payment history).
To the extent that the attorney affirmation of Jeffrey Zachter attempts to authenticate the submitted documents and have them deemed business records admissible under an exception to the hearsay rule, it is deficient because although he avers to be familiar with the facts and circumstances underlying this action, he failed to allege personal knowledge of Plaintiff's recordkeeping practices and procedures (see NYSCEF Doc No. 12, Zachter aff; Ingber v Martinez, 191 AD3d 959 [2d Dept 2021]).
The alleged business records submitted by Plaintiff on this motion are inadmissible because they do not comport with the business records exception to the hearsay rule. Based on the foregoing, the Court agrees with Defendants that the evidence submitted by Plaintiff is not in admissible form and that there are material issues of fact. 
Additionally, there cannot be a breach of contract if the plaintiff's performance is not established (see Merchant Advance LLC v PP Services Corp., 2022 NY Slip Op 34022 [Sup Ct, Kings County 2022]). Here, proof of payment by Plaintiff to Defendant business in exchange for the future receivables is deficient because there simply is no documentary evidence of such a payment (see id.).
Plaintiff, through its affidavit and proffered exhibits, has failed to establish its entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733; Alvarez v Prospect Hosp., 68 NY2d at 324), because it failed to establish prima facie that Defendants committed a breach of contract. There being no prima facie case by Plaintiff on its motion for summary judgment, the burden of proof did not even shift to Defendants to establish a material fact in dispute. Accordingly, Plaintiff's motion for summary judgment and other related relief is DENIED.
It is hereby ORDERED that Plaintiff's motion for summary judgment is DENIED.