[883 NE2d 350, 853 NYS2d 526]

MARKKING SMALLS, Appellant-Respondent, v AJI INDUSTRIES, INC., et al., Respondents, and JAHKIM A. JENKINS et al., Respondents-Appellants.

Argued January 8, 2008; decided February 12, 2008

## APPEARANCES OF COUNSEL

*Crasto & Associates, P.C.*, Howard Beach (*Carol L. Schlitt* and *Anthony C. Crasto* of counsel), for appellant-respondent.

*Buratti, Kaplan, McCarthy & McCarthy*, Yonkers (*John C. Buratti* and *Julie M. Sherwood* of counsel), for respondents-appellants.

*Downing & Peck, P.C.*, New York City (*John M. Downing, Jr.,* of counsel), for respondents.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be reversed, with costs, and the order of Supreme Court reinstated.

At 1:40 A.M. on December 14, 2001, Jahkim A. Jenkins, a novice driver, was operating a vehicle owned by his sister, Christchelle Smalls, when he misjudged a lefthand turn from Randall Avenue onto Zerega Avenue in New York City, lost control of the automobile, and struck a parked dumpster owned by AJI Industries, Inc. Markking Smalls, a passenger in the vehicle, allegedly suffered "serious injury" within the meaning of the No-Fault Law as a result (*see* Insurance Law § 5102 [d]).

Markking Smalls subsequently sued AJI, Jenkins and Christchelle Smalls to recover for noneconomic loss and such other damages as he might be entitled to under the no-fault

regime. As relevant to this appeal, he alleged that AJI "negligently maintain[ed] . . . [and] unlawfully situat[ed]" the dumpster "on public roadways" by "placing [it] on public roadways without any reflection tape, cones, triangles or other safety devices." AJI moved for summary judgment dismissing the complaint. Supreme Court denied the motion, but the Appellate Division reversed, with two Justices dissenting.

"As we have stated frequently, the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. *Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers*" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [citations omitted and emphasis added]). In order to make out a prima facie case on its motion, AJI was required to show that the dumpster was located neither in a driving lane on Zerega Avenue nor in the zebra-striped safety zone where parking was not permitted. The testimony of the police officer relied upon by AJI, however, was equivocal. Although the officer testified that the dumpster was positioned just four or five inches from the curb, he twice acknowledged that he could not recall whether the dumpster was parked in the safety zone. Two other points bear emphasis. First, we assume for purposes of this appeal that AJI rather than a third party determined the dumpster's placement. Second, whether the dumpster bore reflectors or was set off with cones or similar warning devices is not relevant in this case. If the dumpster was located in a parking lane there was no more need for warning lights or devices than there would have been for a vehicle parked in the same spot.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order reversed, etc.