Fenix Capital Funding LLC v Sunny Direct, LLC (2024 NY Slip Op 50131(U))

[*1]

Fenix Capital Funding LLC v Sunny Direct, LLC

2024 NY Slip Op 50131(U)

Decided on February 9, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 9, 2024
Supreme Court, Kings County

Fenix Capital Funding LLC, Plaintiff,

against
Sunny Direct, LLC /DBA SUNNY DIRECT/101 DIGITAL, 
 SDS COMMUNICATIONS, LLC, SPRINGROCK NATIONAL, LLC, SPRINGROCK NATIONAL, LLC and ANITA M REINKE, Defendants.

Index No. 526377/2023

Law Office of Caridi P.C., Brooklyn (William M. Davis of counsel), for Defendants.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 21-35, 38.
Upon the foregoing papers, having heard oral argument, and due deliberation having been had thereon,
It is hereby ORDERED as follows:
Plaintiff moves pursuant to CPLR 3212 for summary judgment in its favor against Defendants.
Plaintiff alleges that it entered into a contract with Defendant Sunny Direct, LLC /DBA: Sunny Direct/101 Digital to purchase $75,000.00 of Defendants' future receivables. Defendant Anita M. Reinke is alleged to have personally guaranteed payment. Defendants SDS [*2]Communications, LLC, Springrock National, LLC, and Springrock National, LLC were alleged to have executed a cross-collateral addendum in which they agreed to be held liable.[FN1]
Plaintiff alleges further that it complied with its obligations by remitting the sum of $47,406.00 to purchase the receivables. Defendant Sunny Direct, LLC /DBA: Sunny Direct/101 Digital is alleged to have breached the contract, resulting in all Defendants now being liable in the sum of $79,365.50, comprised of $31,744.50 in unpaid receivables plus $36,110.00 in default fees and contractual penalties. (See NYSCEF Doc No. 23, Leyvi Aff ¶¶ 3-13; NYSCEF Doc No. 22, Ryvkin Aff ¶¶ 6-14). Defendants contend that there are material issues of fact (see NYSCEF Doc No. 38, Mem in Opp at 4).
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]).
In support of Plaintiff's motion, it submitted several exhibits, including what purport to be the contract, proof of funding, and a payment log (see NYSCEF Doc Nos. 25, 32, 26). However, Plaintiff failed to meet the requirements for authenticating these purported business records as exceptions to the hearsay rule, as required by CPLR 4518 (a) and case law, so that they could be considered on this motion.
In the affidavit of Alexander Ryvkin, Plaintiff's chief legal officer, he swore as follows:
3. This affidavit is based on my personal knowledge and/or upon my review of plaintiff's books and records, including records shared or maintained on computers, in my possession, subject to my control or accessible to me, and which were made at or near the time of the actions or events they reflect by, or from information transmitted from a person with knowledge of the subject transaction, in the regular practice and ordinary course of business. I have personal knowledge of the manner in which the records were kept and use them in the regular course of my business.
4. As an officer of Plaintiff and because of my personal experience and responsibilities, I have the requisite first-hand personal knowledge of regular and ordinary course of business practices and procedures employed and instituted by Plaintiff for originating transactions and underwriting requirements, document preparation and execution, and [*3]maintaining records pertaining to the repayment of any future receivables purchased by Plaintiff.
5. By virtue of my job duties, I personally assist in the supervision and direction of the daily operations of Plaintiff, develop policies and procedures relating to the foregoing and am personally involved in the issuance of any receivables purchase transaction, including the transaction at issue.
(See NYSCEF Doc No. 22, Ryvkin Aff ¶¶ 3-5.)
While Mr. Ryvkin swore that Plaintiff's computer records were made in the regular practice and ordinary course of business at or near the time of the actions or events they reflect, he did mention that they included information "transmitted from a person with knowledge of the subject transaction" (id. ¶ 3). Therefore, it is quite evident that he lacks personal knowledge of the transactions allegedly supporting Plaintiff's breach of contract cause of action. This is confirmed by Mr. Ryvkin's reference to ACH (Automated Clearing House) transfers of money. He swore that Defendant seller "plac[ed] a stop payment on Plaintiff's ACH withdrawal for the specified daily amount" (id. ¶ 11). He referenced Exhibit B, a "true copy of Plaintiff's payment ledger maintained in the ordinary course of its business demonstrating all payments made by defendant-seller" (id.), which contains 51 entries stating "ACH works" in the "Source" column (NYSCEF Doc No. 26, Payments for DealID: 256668). The evidence of the purported funding of the contract — the purchase of the future receivables" — is contained within an exhibit that is entitled "View US Wire Payment [/] Use this page to view a US Wire payment" and lists The Huntington National Bank as a party to "ABA (Wire) 044000024" (NYSCEF Doc No. 32, View US Wire Payment).
Clearly, Plaintiff's own evidence demonstrates that there are at least three sources for its claims predicated on documents: an ACH financial institution, US Wire, and Huntington National Bank. Nothing in Plaintiff's submission includes an affidavit from someone with personal knowledge of their purported recordkeeping which is relied upon by Plaintiff in asserting Defendants' liability as a matter of law, i.e., that there are no disputed materials issues of fact and that a judgment should be issued in Plaintiff's favor without any trial.
In Johnson v Lutz (253 NY 124 [1930]), it was held that when the maker of a business record lacks personal knowledge of the contents, he or she, in effect, is entering another person's statement into the record. Assuming the other person's statement is offered to prove the truth of the matter asserted, a second layer of hearsay has been introduced. If the person who made the statement was not a member of the business in which the maker of the record was engaged, there must be an indicia of reliability.
As noted, data Mr. Ryvkin purports to authenticate derived originally not from within his own company, but from sources outside the company. He himself has no knowledge that the data is accurate. This is akin to the contents of the police report found inadmissible in Johnson v Lutz — the information of someone else recorded by the police officer in his report. As described in the commentary to the CPLR,
This was the problem in Johnson, in which a police officer's report of an accident, although prepared in the regular course of the officer's duties, contained information given to the officer by bystanders at the scene of the accident. To allow the police officer's report into evidence under these circumstances was held to be at odds with the rationale of the business records hearsay exception. The motive to make accurate observations, upon which the reliability of business records depends, cannot be assumed [*4]when the persons who supply the information that goes into the record are not members of the same business enterprise. Whereas co-employees share an incentive to be accurate and to make reliable reports to one another, no such incentive is operative in the case of outsiders. No sanctions or discipline can be imposed on outsiders who are careless or dishonest. Such reasoning is implicit in Johnson's holding that if the maker of the business record lacks personal knowledge, the information recorded must have been "given by others engaged in the same business as part of their duty." 253 NY at 128, 170 N.E. at 518. The informant, in addition to reporting pursuant to a business duty, must have personal knowledge of the act, event or condition. Matter of Leon RR, 1979, 48 NY2d 117, 123, 421 N.Y.S.2d 863, 867, 397 N.E.2d 374, 377-78. See also Holliday v. Hudson Armored Car & Courier Service, Inc., 2003, 301 AD2d 392, 753 N.Y.S.2d 470 (1st Dep't), appeal dismissed and denied in part, 100 NY2d 636, 769 N.Y.S.2d 196, 801 N.E.2d 417 (contents of police accident report inadmissible where source of information in report was unknown).
(Vincent C. Alexander, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C4518:3.)
A proper foundation for the admission of a business record made by another entity and incorporated into one's own company's records must be provided by someone with personal knowledge of the maker's business practices and procedures (see Bank of NY Mellon v Gordon, 171 AD3d 197, 209 [2d Dept 2019]; Silverline Servs., Inc. v Associates of Boca Raton, Inc., 79 Misc 3d 1242[A], 2023 NY Slip Op 50853[U] [Sup Ct, Kings County 2023]). Mr. Ryvkin evinces no knowledge of the business practices and procedures of the ACH financial institution, US Wire, and Huntington National Bank. This is akin to "Fraser's assertion in her affidavit regarding the defendants' default, without attaching the business records upon which she relied in making that assertion, constituted inadmissible hearsay" (Citibank, N.A. v Potente, 210 AD3d 861 [2d Dept 2022]). Here, the records of the ACH financial institution, US Wire, and Huntington National Bank were not submitted.
Finally, the purported payment log contains coded data, e.g., "R29," "X13," "R01," "w," wire," "RETRY PMT," and "FNX," which are not explained (see Cach of Colorado, LLC v Lazarovwsky, 46 Misc 3d 1201[A], 2014 NY Slip Op 51759[U] [Civ Ct, Richmond County 2014]). As stated in Coolidge Capital LLC v Marine Plus LLC (81 Misc 3d 1206[A], 2023 NY Slip Op 51278[U], *3 [Sup Ct, Kings County 2023] [emphasis added]), "Based on Aflen's averment the document purportedly provides bank information and bank codes which have specific meaning. Aflen does not identify the bank or state that he possesses personal knowledge of the undisclosed bank's business practices or procedure." "[I]t is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of NY Mellon v Gordon, 171 AD3d at 205).
In sum, since Plaintiff failed to establish, prima facie, its allegation that Defendant breached a contract to remit payments from future receivables sold for an upfront price, this Court must deny Plaintiff's motion for summary judgment. Plaintiff has failed to demonstrate its entitlement to judgment as a matter of law (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733; Alvarez v Prospect Hosp., 68 NY2d at 324). It has failed to establish the lack of material issues of fact in order to reach a determination on its claim for breach of a contract for a merchant cash advance in exchange for future receivables, and defendant's evidence or lack of evidence in opposition is irrelevant (see Atipana Credit Opportunity Fund I, LP v Empire [*5]Restaurants AZ Corp., 80 Misc 3d 1208[A], 2023 NY Slip Op 50939[U] [Sup Ct, Kings County 2023]; AJ Equity Group LLC v Urban Bay Hous. Fund LLC, 80 Misc 3d 1207[A], 2023 NY Slip Op 50934[U] [Sup Ct, Kings County 2023]; Capybara Capital LLC v Zilco NW LLC, 78 Misc 3d 1238[A], 2023 NY Slip Op 50476[U] [Sup Ct, Kings County 2023]).
Plaintiff's motion is DENIED in its entirety.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:. This Court fails to understand why Springrock National, LLC was sued twice within this action.