Propella Capital LLC v Diverse Real Estate & Asset Mgt. Inc (2024 NY Slip Op 51510(U))

[*1]

Propella Capital LLC v Diverse Real Estate & Asset Mgt. Inc

2024 NY Slip Op 51510(U)

Decided on November 8, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 8, 2024
Supreme Court, Kings County

Propella Capital LLC, Plaintiff,

against
Diverse Real Estate and Asset Management Inc D/B/A ETHOSITY PROPERTY MANAGEMENT and STERLING DAVIS, Defendants.

Index No. 528487/2022

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 11-22, 29-31.
Upon the foregoing papers, the Court having elected to determine the within motion on submission pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part II (Motions & Special Proceedings), Subpart C (Appearances & Post-Order Matters), Section 6 (Personal Appearances) ("All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission."), and due deliberation having been had thereon, the within motion is determined as follows.
This is an action commenced by the Plaintiff, alleging breach of a contract by the Defendant business to sell its future receivables to Plaintiff, otherwise known as a merchant cash advance contract. Plaintiff is moving for summary judgment on the causes of action in its complaint.
Plaintiff Propella Capital LLC alleges that it entered into a contract with Defendant business Diverse Real Estate and Asset Management Inc. d/b/a Ethosity Property Management (hereinafter referred to as "Defendant business") to purchase $144,000 of said Defendant's future receivables. Defendant Sterling Davis is alleged to have personally guaranteed payment.
Plaintiff alleges further that it performed its duties in the contract by remitting the sum of $100,000 to purchase the receivables.
Plaintiff alleges that Defendant business breached the contract by failing to continue to [*2]make payments of receivables, by depositing receivables into a different bank account than the contract-designated one, by not providing notice to Plaintiff that there were insufficient funds in the contract-designated bank account, and by instructing its bank to stop payment.
Plaintiff's summary judgment motion seeks to hold Defendants liable in the sum of $24,200, comprised of $21,600 in unpaid receivables plus $2,500 in default fees.
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). If there is any doubt as to the existence of a triable issue of fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]).
In support of Plaintiff's motion, it submitted several exhibits, including what purport to be the contract (see NYSCEF Doc No. 15), proof of payment of the purchase price (see NYSCEF Doc No. 16), and a payment history (see NYSCEF Doc No. 17).
Defendants did not oppose Plaintiff's motion for summary judgment. However, as this Court held in Atipana Credit Opportunity Fund I, LP v Empire Restaurants AZ Corp. (80 Misc 3d 1208[A], 2023 NY Slip Op. 50939[U] [Sup Ct, Kings County 2023]), the party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, and even in the absence of opposition, it would be unconscionable for this Court to grant summary judgment to a moving plaintiff where there is a complete absence of the most basic prima facie case of entitlement to judgment as a matter of law.
In order for business records to be admissible in evidence, either on a motion or at trial, they have to meet the requirements mandated by law, as provided in CPLR 4518 and in case law. For this motion, Plaintiff relies on NYSCEF Doc No. 12, which is the affidavit of Oren Zahavi, the "authorized Representative," to lay a foundation for the admissibility of the submitted records.
To be admissible in evidence, first, the records must be made in the regular course of business (see CPLR 4518 [a]). This Court finds that the said affidavit accomplishes this.
To be admissible in evidence, second, it must be the regular course of business to make such records (see CPLR 4518 [a]). This Court finds that the said affidavit fails to establish this with respect to the submitted records.
To be admissible in evidence, third, the records must have been made at the time of the act or occurrence or within a reasonable time thereafter (see CPLR 4518 [a]). This Court finds [*3]that the said affidavit fails to establish this with respect to the submitted records.
To be admissible in evidence, fourth, the records must be made by a person who has personal knowledge of the act or occurrence and is under a business duty to report it. This foundational element is important in the realm of financial transactions because often acts or occurrences are recorded by one person or company and then transmitted to or incorporated into another company's records. It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted (see Johnson v Lutz, 253 NY 124 [1930]; Bank of NY Mellon v Gordon, 171 AD3d 197 [2d Dept 2019]; Coolidge Capital LLC v Marine Plus LLC, 81 Misc 3d 1206[A], 2023 NY Slip Op 51278[U] [Sup Ct, Kings County 2023]; Capybara Capital LLC v Zilco NW LLC, 78 Misc 3d 1238[A], 2023 NY Slip Op 50476[U] [Sup Ct, Kings County 2023]).
In this motion, the fourth foundational element to establish the business record exception was not met because the entries contained in the submitted payment history emanated from a financial institution who engaged in Automated Clearing House (ACH) electronic transfers of money on Plaintiff's behalf. The Zahavi affidavit itself uses the term "ACH" to denote these transfers (see NYSCEF Doc No. 12 ¶ 11). In other words, someone at the financial institution is privy to said financial institution's records, which apparently are relied upon by Plaintiff although it does not state such explicitly. However, nowhere in Plaintiff's papers is there reference to the records of the financial institution, the financial institution is not identified, and there is no affidavit from someone at the financial institution with knowledge of its records. The Court relies on its decision in Fenix Capital Funding LLC v Sunny Direct, LLC (81 Misc 3d 1243[A], 2024 NY Slip Op 50131[U] [Sup Ct, Kings County 2024]). Each participant in the chain producing the record, from the initial declarant to the final entrant, must be acting within the course of regular business conduct or the declaration must meet the test of some other hearsay exception (see Johnson v Lutz, 253 NY at 128). Whoever at Plaintiff made the payment history record entries in its own records is unidentified in its papers (see Capybara Capital LLC v Zilco NW LLC, 2023 NY Slip Op 50476). The submitted payment history itself fails to identify who the purchaser of the future receivables is. Moreover, the entries and dates in the submitted payment history are not explained in the Zahavi affidavit.
There cannot be a breach of contract if the plaintiff's performance is not established (see Merchant Advance LLC v PP Services Corp., 2022 NY Slip Op 34022 [Sup Ct, Kings County 2022]). Here, proof of payment by Plaintiff to Defendant business in exchange for the future receivables is deficient because there is no authenticating affidavit from someone with knowledge at Plaintiff's bank, Silicon Valley Bank (see NYSCEF Doc No. 16, submitted proof of payment of the purchase price). Also, there is no authenticating affidavit from someone with knowledge at Defendant business' unnamed financial institution, which processed the payment.
Based on the foregoing analysis, the Court finds that the business records submitted as exhibits in support of Plaintiff's motion are inadmissible because they do not comport with the business records exception to the hearsay rule.
There cannot be a breach of contract if the act constituting the breach is not supported by someone with personal knowledge. Plaintiff did not submit an affidavit from an employee with personal knowledge at the bank at which the designated account was maintained for the purpose of establishing that said account was closed, as was alleged in the Zahavi affidavit.
Plaintiff, through its affidavit and proffered exhibits, has failed to establish its entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating [*4]the absence of material issues of fact (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733; Alvarez v Prospect Hosp., 68 NY2d at 324), because it failed to establish prima facie that Defendants committed a breach of contract. There being no prima facie case by Plaintiff on its motion for summary judgment, the burden of proof did not even shift to Defendants to establish a material fact in dispute. Accordingly, Plaintiff's motion for summary judgment is DENIED.
It is hereby ORDERED that Plaintiff's motion for summary judgment is DENIED.
E N T E R
HON. AARON D. MASLOW
JUSTICE OF THE SUPREME COURT