Vox Funding LLC v Atmosphere Pools & Landscaping LLC (2024 NY Slip Op 51511(U))

[*1]

Vox Funding LLC v Atmosphere Pools & Landscaping LLC

2024 NY Slip Op 51511(U)

Decided on November 8, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 8, 2024
Supreme Court, Kings County

Vox Funding LLC, Plaintiff,

against
Atmosphere Pools and Landscaping LLC and JAMIE LANDREMAN, Defendants.

Index No. 517121/2024

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 8-22.
Upon the foregoing papers, the Court having elected to determine the within motion on submission pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part II (Motions & Special Proceedings), Subpart C (Appearances & Post-Order Matters), Section 6 (Personal Appearances) ("All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission."), and due deliberation having been had thereon, the within motion is determined as follows.
This is an action commenced by the Plaintiff, alleging breach of a contract by the Defendant business to sell its future receivables to Plaintiff, otherwise known as a merchant cash advance contract. Plaintiff is moving for summary judgment on the causes of action in its complaint.
Plaintiff Vox Funding LLC alleges that it entered into a contract with Defendant business Atmosphere Pools and Landscaping LLC (hereinafter referred to as "Defendant business") to purchase $87,750 of said Defendant's future receivables. Defendant Jamie Landreman is alleged to have personally guaranteed payment.
Plaintiff alleges further that it performed its duties in the contract by remitting the sum of $65,000 to purchase the receivables.
Plaintiff alleges that Defendant business breached the contract by failing to continue to [*2]make payments of receivables.
Plaintiff's summary judgment motion seeks to hold Defendants liable in the sum of $93,103.13, comprised of $84,093.75 in unpaid receivables plus $9,009.38 in default fees.
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). If there is any doubt as to the existence of a triable issue of fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]).
In support of Plaintiff's motion, it submitted several exhibits, including what purport to be the contract (see NYSCEF Doc No. 13), proof of payment of the purchase price (see NYSCEF Doc No. 14), a payment history (see NYSCEF Doc No. 15), and an ACF rejection history (see NYSCEF Doc No. 16).
Defendants did not oppose Plaintiff's motion for summary judgment. However, as this Court held in Atipana Credit Opportunity Fund I, LP v Empire Restaurants AZ Corp. (80 Misc 3d 1208[A], 2023 NY Slip Op. 50939[U] [Sup Ct, Kings County 2023]), the party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, and even in the absence of opposition, it would be unconscionable for this Court to grant summary judgment to a moving plaintiff where there is a complete absence of the most basic prima facie case of entitlement to judgment as a matter of law.
In order for business records to be admissible in evidence, either on a motion or at trial, they have to meet the requirements mandated by law, as provided in CPLR 4518 and in case law. For this motion, Plaintiff relies on NYSCEF Doc No. 12, which is the affidavit of Louis Calderone, its President, to lay a foundation for the admissibility of the submitted records.
To be admissible in evidence, first, the records must be made in the regular course of business (see CPLR 4518 [a]). Second, it must be the regular course of business to make such records (see id.). Third, the records must have been made at the time of the act or occurrence or within a reasonable time thereafter (see id.). Mr. Calderone did not state that the proof of payment of the purchase price was maintained in the regular course of business. His statement regarding recordkeeping in paragraph 4 was general in nature. In any event, Mr. Calderone's use of "regularly conducted business activities" is insufficient; it does not provide any further details as to how the records are maintained. As it was noted in Rushmore Recoveries X, LLC v Skolnick (15 Misc 2d 823[A], 2007 NY Slip Op 51041[U], *3 [Dist Ct, Nassau County 2007]:
The repetitive statements of Mr. Fabacher, the Plaintiff's custodian of records, to the effect that he collects and maintains the records and documents of Citibank and/or any other prior assignees, "in the regular course of plaintiff's business" (Fabacher Affidavit 3/14/07, ¶ 1), as if they were magic words, does not satisfy the business records exception to the hearsay rule. That phrase, standing alone, does not establish that the records upon which the Plaintiff relies were made in the regular course of the Plaintiff's business, that it was part of the regular course of the Plaintiff's business to make such records, or that the records were made at or about the time of the transactions recorded.
To be admissible in evidence, fourth, the records must be made by a person who has personal knowledge of the act or occurrence and is under a business duty to report it. This foundational element is important in the realm of financial transactions because often acts or occurrences are recorded by one person or company and then transmitted to or incorporated into another company's records. It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted (see Johnson v Lutz, 253 NY 124 [1930]; Bank of NY Mellon v Gordon, 171 AD3d 197 [2d Dept 2019]; Coolidge Capital LLC v Marine Plus LLC, 81 Misc 3d 1206[A], 2023 NY Slip Op 51278[U] [Sup Ct, Kings County 2023]; Capybara Capital LLC v Zilco NW LLC, 78 Misc 3d 1238[A], 2023 NY Slip Op 50476[U] [Sup Ct, Kings County 2023]).
In this motion, the fourth foundational element to establish the business record exception was not met because the entries contained in the submitted payment history emanated from a financial institution who engaged in Automated Clearing House (ACH) electronic transfers of money on Plaintiff's behalf. The payment history itself uses the term "ACH" to denote these transfers (see NYSCEF Doc No. 15). In other words, someone at the financial institution used by Plaintiff to make wire transfers is privy to said financial institution's records, which apparently are relied upon by Plaintiff although it does not state such explicitly. However, nowhere in Plaintiff's papers is there reference to the records of the financial institution, the financial institution is not identified, and there is no affidavit from someone at the financial institution with knowledge of its records. The Court relies on its decision in Fenix Capital Funding LLC v Sunny Direct, LLC (81 Misc 3d 1243[A], 2024 NY Slip Op 50131[U] [Sup Ct, Kings County 2024]). Each participant in the chain producing the record, from the initial declarant to the final entrant, must be acting within the course of regular business conduct or the declaration must meet the test of some other hearsay exception (see Johnson v Lutz, 253 NY at 128). Whoever at Plaintiff made the payment history record entries in its own records is unidentified in its papers (see Capybara Capital LLC v Zilco NW LLC, 2023 NY Slip Op 50476). The submitted payment history fails to identify who the purchaser of the future receivables is.
Likewise, the ACH rejection history, submitted as NYSCEF Doc No. 16, is not properly authenticated. Plaintiff's name does not appear on it; the originator of the record is not identified; there is nobody at the financial institution which created the original record to confirm the accuracy of the record; and code "R01" is not explained.
The Calderone affidavit also included the following sentence in paragraph 4: "As to Plaintiff's business records that consist of documents created by third parties, if any, Plaintiff relies on the accuracy of such records in conducting its business." This one-sentence declaration with respect to records of third parties is totally insufficient to meet the business record exception to the hearsay rule. First, it is couched in conditional language: if documents are [*3]created by third parties. This renders it unclear: Were the submitted records created by third parties or not? If there were records created by third parties, there are no details as to exactly which records submitted are from them, the originator of such records, the basis for the accuracy of these records, and the circumstances under which they were made (see People v Cratsley, 86 NY2d 81, 89-92 [1995]). "[T]he mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records" (id. at 90, see Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 782-783 [2d Dept 2019]).
Based on the foregoing analysis, the Court finds that the business records submitted as exhibits in support of Plaintiff's motion are inadmissible because they do not comport with the business record exception to the hearsay rule.
Plaintiff, through its affidavit and proffered exhibits, has failed to establish its entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733; Alvarez v Prospect Hosp., 68 NY2d at 324), because it failed to establish prima facie that Defendants committed a breach of contract. There being no prima facie case by Plaintiff on its motion for summary judgment, the burden of proof did not even shift to Defendants to establish a material fact in dispute. Accordingly, Plaintiff's motion for summary judgment is DENIED.
It is hereby ORDERED that Plaintiff's motion for summary judgment is DENIED.
E N T E R
HON. AARON D. MASLOW
JUSTICE OF THE SUPREME COURT