McIntosh v Leung (2024 NY Slip Op 51519(U))

[*1]

McIntosh v Leung

2024 NY Slip Op 51519(U)

Decided on November 13, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 13, 2024
Supreme Court, Kings County

Kellon McIntosh, Plaintiff,

against
Anthony Leung and JEAN JEAN-MARIE, Defendants.

Index No. 509000/2023

Aaron D. Maslow, J.

The following papers were used on this motion:
NYSCEF Doc No. 15: Notice of Motion (Motion #1), submitted by Plaintiff
NYSCEF Doc No. 16: Affirmation of Thomas W. Russo, Esq., submitted by Plaintiff
NYSCEF Doc No. 17: Statement of Material Facts, submitted by Plaintiff
NYSCEF Doc No. 18: Exhibit A — Plaintiff's Affidavit, submitted by Plaintiff
NYSCEF Doc No. 19: Exhibit B — Summons and Verified Complaint, submitted by Plaintiff
NYSCEF Doc No. 20: Exhibit C — Verified Answer, submitted by Plaintiff
NYSCEF Doc No. 21: Exhibit D — Google Images of Intersection, submitted by Plaintiff
NYSCEF Doc No. 22: Exhibit E — Certified Police Report, submitted by Plaintiff
NYSCEF Doc No. 23: Exhibit F — Verified Bill of Particulars, submitted by Plaintiff
NYSCEF Doc No. 24: Exhibit G — Proposed Order, submitted by Plaintiff
NYSCEF Doc No. 25: Affidavit of Service, submitted by Plaintiff
NYSCEF Doc No. 26: Affirmation of Vlad Bendersky, Esq., submitted by Defendants
NYSCEF Doc No. 27: Response to Statement of Material Facts, submitted by Defendants
NYSCEF Doc No. 28: Exhibit A — Defendant Jean-Marie's Affirmation, submitted by Defendants
NYSCEF Doc No. 29: Exhibit B — Proposed Counter-Order, submitted by Defendants
NYSCEF Doc No. 30: Reply Affirmation of Thomas W. Russo, Esq., submitted by Plaintiff
NYSCEF Doc No. 31: Exhibit H — Amended Proposed Order, submitted by Plaintiff
NYSCEF Doc No. 32: Affirmation of Service, submitted by Plaintiff
Upon the foregoing papers, having heard oral argument, and due deliberation having [*2]been had, the within motion is determined as follows.
Introduction
This is a motion for summary judgment by Plaintiff on the issue of liability regarding a motor vehicle accident which occurred on October 2, 2022. Plaintiff alleges that the accident occurred at a crosswalk on Humbolt Street at the intersection with Ainslie Street in Kings County, where he was struck by Defendants' vehicle. Plaintiff's motion also seeks to have affirmative defenses asserting comparative negligence dismissed. Defendant claims he had come to a full stop at the intersection and then, once proceeding again, Plaintiff appeared, giving Defendant insufficient time to stop.

 Contentions
Plaintiff attests to being a pedestrian crossing the street at the crosswalk when he was hit by a vehicle operated by Defendant Jean-Marie; it was owned by Defendant Leung. Plaintiff claims he had been halfway across the crosswalk when he was struck by the vehicle because Defendant had failed to yield and brake properly. Defendant drove through the stop line, across the space between the stop line and the crosswalk, ignored the Stop signs and entered the crosswalk, where Plaintiff was hit. Plaintiff alleges he saw the vehicle about two seconds before the accident. He tried to get out of the way but was struck by Defendant anyways. Plaintiff also contends he was not on his phone at the time of the accident. Plaintiff claims not to have heard any auditory indication that he would be hit: a horn or screeching tires.
Defendant Jean-Marie's account differs significantly. He had been driving down the street towards the intersection at about 15 to 25 miles per hour. At the intersection, Defendant claims to have made a full stop at the Stop sign before proceeding. After a period of five to ten seconds, Plaintiff proceeded forward at three to five miles per hour. After passing the crosswalk, Defendant observed Plaintiff crossing from the right side of Humboldt Street not within the crosswalk. Defendant immediately applied the brake to avoid the accident and honked his horn. Plaintiff did not stop but walked into his stopping vehicle. Defendant maintains that there was nothing he could have done to avoid the accident.
The certified copy of the police accident report reflects statements of the parties. Plaintiff is recorded as stating that he was not in the crosswalk, that the driver was traveling at a low rate of speed, and that the driver was unable to stop when he crossed the street, thus striking him. Defendant Jean-Marie was recorded as stating that he attempted to stop at the Stop sign when his brakes were defective due to the wet roads.

 Discussion
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and [*3]the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324).
Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]). On a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 314 [2024]).
In Thoma v Ronai (82 NY2d 736 [1993]), the plaintiff was a pedestrian struck by the defendant's automobile at an intersection. The Court of Appeals held that, in an action for personal injury arising out of an accident, summary judgment should be denied where the plaintiff could not adequately demonstrate there was no dispute of fact. In contrast, summary judgment was granted in Voskin v Lemel (52 AD3d 503 [2d Dept 2008]), because the motorist in that case did not deny that he failed to yield, as indicated in the police accident report, thus not creating an issue of fact on the issue of liability.
Summary judgment cannot be granted where there is a material dispute of fact. The parties' account of the accident differs in several respects. They cannot agree on whether or not Plaintiff was on the phone, if Plaintiff was within a crosswalk at the time of the accident, or if Defendant Jean-Marie had come to a full stop. It is significant that the responding police officer recorded Plaintiff as stating that he was not in the crosswalk, which contradicts Plaintiff's affidavit. Taking into account that the non-moving parties' (Defendants) version must be viewed in the light most favorable to them, a grant of summary judgment would be inappropriate in this instance. On the evidence presented, one cannot say that Defendant Jean-Marie was negligent as a matter of law and that Plaintiff is free of contributory negligence.

 Conclusion
Accordingly, it is hereby ORDERED that Plaintiff's motion for summary judgment on the issue of liability and seeking to dismiss affirmative defenses asserting comparative negligence is DENIED.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York