Robin Funding Group LLC v Synergy Crosslinx Holding, LLC (2024 NY Slip Op 51666(U))

[*1]

Robin Funding Group LLC v Synergy Crosslinx Holding, LLC

2024 NY Slip Op 51666(U)

Decided on December 11, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 11, 2024
Supreme Court, Kings County

Robin Funding Group LLC, Plaintiff,

against
Synergy Crosslinx Holding, LLC, VICTOR JAVIER CARDENAS AND GERARDO CARDENAS, Defendants.

Index No. 510803/2024

Austin LLP, New York City (Blaire Fellows of counsel), for plaintiff.
Usher Law Group P.C., Brooklyn (Amanda Philip of counsel), for defendants.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 18-34.
Upon the foregoing papers, having heard argument, and due deliberation having been had thereon, the within motion is determined as follows.
This is an action commenced by Plaintiff Robin Funding Group LLC ("Plaintiff"), alleging breach of a contract by Defendant Synergy Crosslinx Holdings, LLC ("Defendant business") to sell its future revenues to Plaintiff, otherwise known as a revenue purchase agreement. Plaintiff claims it purchased $76,000.00 of said Defendant business' future revenue. Defendants Victor Javier Cardenas and Gerardo Cardenas are alleged to have personally guaranteed payment. Plaintiff is moving for summary judgment on the causes of action in its complaint. It also seeks to enjoin Defendants from transferring any assets and to compel them to execute documents necessary to effectuate payment by them to Plaintiff. (See generally NYSCEF Doc No. 19, Marciante aff).
Plaintiff alleges further that it performed its duties set forth in the contract by remitting the sum of $50,000.00 less a $5,000.00 contract origination fee to purchase Defendant business' future revenue (see [*2]id. ¶ 10).
Plaintiff alleges that Defendant business breached the contract by failing to pay the percentage of revenue due, by ceasing to deposit revenue into a designated bank account, and by depositing revenue into a different account (see id. ¶¶ 14-17).
Plaintiff's summary judgment motion seeks to hold Defendants liable in the sum of $93,043.13, comprised of $68,716.64 in unpaid receivables plus $24,326.49 in default fees. (see id. ¶¶ 24-29).
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). If there is any doubt as to the existence of a triable issue of fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]).
In support of Plaintiff's motion, it submitted several exhibits, including what purport to be the contract (see NYSCEF Doc No. 23), proof of payment of the purchase price (see NYSCEF Doc No. 27), and a payment history (see NYSCEF Doc No. 24).
Defendants opposed Plaintiff's motion. They argued, inter alia, that Plaintiffs provided questionable and likely inadmissible evidence of transactions, no evidence of breach, and no bank statements (see NYSCEF Doc No. 30, def mem law ¶¶ 24-25).
In order for business records to be admissible in evidence, either on a motion or at trial, they have to meet the requirements mandated by law, as provided in CPLR 4518 and in case law. For this motion, Plaintiff relies on NYSCEF Doc No. 19, which is the affidavit of Ekaterina Marciante, its collections manager, to lay a foundation for the admissibility of the submitted records.
To be admissible in evidence, the records must be made in the regular course of business, it must be the regular course of business to make such records, and the records must have been made at the time of the act or occurrence or within a reasonable time thereafter (see CPLR 4518 [a]).
In addition, to be admissible in evidence, the records must be made by a person who has personal knowledge of the act or occurrence and is under a business duty to report it. This foundational element is important in the realm of financial transactions because often acts or occurrences are recorded by one person or company and then transmitted to or incorporated into another company's records. It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted (see Johnson v Lutz, 253 NY 124 [1930]; Bank of NY Mellon v Gordon, 171 AD3d 197 [2d Dept 2019]; Coolidge Capital LLC v Marine Plus LLC, 81 Misc 3d 1206[A], 2023 NY Slip Op 51278[U] [Sup Ct, Kings County 2023]; Capybara Capital LLC v Zilco NW LLC, 78 Misc 3d 1238[A], 2023 NY Slip Op 50476[U] [Sup Ct, Kings County 2023]).
In this motion, the fourth foundational element to establish the business records exception was not met. Plaintiff submitted a purported document identified as "Payment History for Synergy Crosslinx Holding, LLC, et al." It is in the form of a spreadsheet. At the end, it states that "Amount Owed" is $93,043.13. However, nowhere in this purported business record does Plaintiff's name appear. In fact, this document impliedly conveys that it was not a routine business record maintained in the regular course of Plaintiff's business but rather was a record created for litigation purposes following Defendant business' purported breach of contract. This is evidenced from the term "et al." "Et al." is a legal term [*3]conveying that there are more parties following the first one listed in a document pertaining to a lawsuit.
Moreover, while Ms. Marciante repeatedly states that records or entries were entered or made in the ordinary course of business (see NYSCEF Doc No. 19, Marciante aff ¶¶ 2, 5, 6), she did not attest that it is the regular course of Plaintiff's business to make such records. It must be demonstrated that the record was made pursuant to established procedures for the routine, habitual, systematic making of such a record (see People v Cratsley, 86 NY2d 81 [1995]). This is lacking from the affidavit.
Based on the foregoing, the Court agrees with Defendants that Plaintiffs provided questionable and inadmissible evidence of transactions. The alleged business records submitted by Plaintiff on this motion are inadmissible because they do not comport with the business records exception to the hearsay rule.
Plaintiff, through its affidavit and proffered exhibits, has failed to establish its entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733; Alvarez v Prospect Hosp., 68 NY2d at 324), because it failed to establish prima facie that Defendants committed a breach of contract. There being no prima facie case by Plaintiff on its motion for summary judgment, the burden of proof did not even shift to Defendants to establish a material fact in dispute. Accordingly, Plaintiff's motion for summary judgment and other related relief is DENIED.
It is hereby ORDERED that Plaintiff's motion for summary judgment is DENIED.