Ambroise v Uber Tech. Inc. (2026 NY Slip Op 50008(U))

[*1]

Ambroise v Uber Tech. Inc.

2026 NY Slip Op 50008(U)

Decided on January 8, 2026

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 8, 2026
Supreme Court, Kings County

Paul Ambroise, Plaintiff,

againstUber Technologies Inc., SHIRAZ AZAM, MOHAMMAD ALI and CAMACHO SANTOS ROJAS, Defendants.

Index No. 501338/2023

Helen F. Dalton & Associates, P.C., Kew Gardens, for plaintiff.
Weber Gallagher Simpson Stapleton Fires & Newby, LLP, New York City, for defendant Uber Technologies, Inc.
Baker, McEvoy & Moskovits, P.C. Freeport, for defendants Azam and Ali.
James F. Butler & Associates, Jericho, for defendant Santos Camacho.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 66-95, 108, 113, 135-139.
Upon the foregoing papers, the Court having elected to determine the within motion on submission pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part II (Motions & Special Proceedings), Subpart C (Appearances & Post-Order Matters), Section 6 (Personal Appearances) ("All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission."), and due deliberation having been had thereon, the within motion is determined as follows.
This is an action for personal injuries allegedly resulting from a February 21, 2022 motor vehicle accident on Flatbush Avenue in Kings County, during which the plaintiff, Paul Ambroise, was a passenger in the vehicle operated by defendant Mohammad Ali. Ali transported the plaintiff as part of an Uber app prearranged ride. The complaint seeks to hold Uber vicariously liable for any negligence of defendant-driver Ali.
Defendant Uber Technologies, Inc. (Uber) moves for summary judgment dismissing the plaintiff's complaint and any cross-claims against it. Uber claims that its driver, Mohammad Ali, was an independent contractor and, therefore, Uber was not responsible for any negligence on his part in the course of operating his vehicle when the subject motor vehicle accident occurred. Uber maintains that there are no issues of fact as to its lack of vicarious responsibility.
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). If there is any doubt as to the existence of a triable issue of fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]). On a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 314 [2024]).
Under the doctrine of respondeat superior, a principal is vicariously liable for the negligent acts committed by its employer or agent within the scope of the employment or agency and in furtherance of the employer or principal's business (see Pascall v New York City Tr. Auth., 230 AD3d 1246 [2d Dept 2024]; Bailey v City of New York, 228 AD3d 713 [2d Dept 2024]; Uy v Hussein, 186 AD3d 1567 [2d Dept 2020]).
The fact that a contract exists designating a person as an independent contractor is to be considered, but is not dispositive (see Brielmeier v Leal, 226 AD3d 955 [2d Dept 2024]).
Agency is a legal relationship between a principal and an agent. It is a fiduciary relationship which results from the manifestation of consent of one person to allow another to act on his or her behalf and subject to his or her control, and consent by the other so to act. The agent is a party who acts on behalf of the principal with the latter's express, implied, or apparent authority. (See Bailey v City of New York, 228 AD3d 713.)
The determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced, or the means used to achieve the results. Control over the means is the more important consideration. An employee's actions fall within the scope of employment where the purpose in performing such actions is to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business. (See Matter of Vega (Postmates Inc.—Commissioner of Labor), 35 NY3d 131 [2020]; Pascall v New York City Tr. Auth., 230 AD3d 1246; Matter of Hossain [Groundanywhere LLC—Commissioner of Labor], 205 AD3d 1282 [3d Dept 2022]; Matter of Lowry [Uber Tech., Inc. —Commissioner of Labor], 189 AD3d 1863 [3d Dept 2020].)
The issue of whether drivers of vehicles picking up passengers pursuant to a [*2]transportation network company's app or another ride dispatch platform are acting within the scope of employment is usually a triable issue of fact and that an employment relationship can exist (see Soares v Rahmatulloev, 234 AD3d 644 [1st Dept 2025]; Pascall v New York City Tr. Auth., 230 AD3d 1246; Waluyn v Access-A-Ride, 229 AD3d 838 [2d Dept 2024]; Matter of Hossain [Groundanywhere LLC—Commissioner of Labor], 205 AD3d 1282; Matter of Lowry [Uber Tech., Inc. —Commissioner of Labor], 189 AD3d 1863; Uy v Hussein, 186 AD3d 1567]).
Whether an individual was acting within the scope of his or her agency or employment is generally a question of fact for the jury (see Uy v Hussein, 186 AD3d 1567).
There is no dispute over ownership of the vehicle — Uber did not own it. The platform access agreement updated January 1, 2022 (NYSCEF Doc No. 92) explicitly defines the relationship between Uber and the driver as "independent business enterprises" (§ 1.1, Company's Relationship with Uber). However, this is not dispositive of the employer-employee relationship inquiry (see Brielmeier v Leal, 226 AD3d 955). The platform access agreement conveys that defendant Uber exerts some control over Uber drivers. For example, the agreement has compliance protocols (§ 2.2, Compliance); requires background checks and vehicle standards on its drivers (§ 2.5 Background Checks and Licensing, Vehicle Standards); allows its drivers to "use, wear or display Uber's name or logo" provided they are authorized branded items (§ 2.7, Use of Uber Branded Materials); maintains a rating system of its drivers (§ 2.8, Ratings); and requires drivers to report cancellation of insurance policies (§ 3.1, Your Auto Liability Insurance for For-hire Service).
Accepting the facts as alleged in the complaint as true, giving the complaint a liberal construction, according the plaintiff the benefit of every possible favorable inference from the facts presented, and determining only whether the facts as alleged fit within any cognizable legal theory (see Bazdaric v Almah Partners LLC, 41 NY3d 310, 314), Uber's documentary and other evidence does not absolutely establish that it cannot be held vicariously liable on the basis of an independent contractor relationship (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733; Alvarez v Prospect Hosp., 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). The complaint sufficiently states a cause of action premised on a theory of agency, employment, or respondeat superior insofar as asserted against Uber Technologies Inc. (see Matter of Vega (Postmates Inc.—Commissioner of Labor), 35 NY3d 131; Soares v Rahmatulloev, 234 AD3d 644; Pascall v New York City Tr. Auth., 230 AD3d 1246; Waluyn v Access-A-Ride, 229 AD3d 838; Bailey v City of New York, 228 AD3d 713 [2d Dept 2024]; Matter of Hossain [Groundanywhere LLC—Commissioner of Labor], 205 AD3d 1282; Matter of Lowry [Uber Tech., Inc. —Commissioner of Labor], 189 AD3d 1863; Uy v Hussein, 186 AD3d 1567). The facts adduced on this motion warrant sending the issue of an employment-versus-independent contractor relationship to the jury.
That numerous trial courts have determined the issue posed by defendant Uber in a contrary manner is not controlling upon this court. As was recently stated by an esteemed colleague,
Courts of coordinate jurisdiction may be persuaded by decisions issued by their coordinate justices, but they are not bound by them. In New York State, it is well-established that decisions from courts of coordinate jurisdiction are not binding on other courts of the same level (Mountain View Coach Lines v Storms, 102 AD2d 663 [2d Dept 1984]). This means that while such decisions may be considered persuasive, they do not [*3]have binding authority over other trial courts. Furthermore, the Appellate Division has emphasized that trial courts are not obligated to follow decisions from courts of coordinate jurisdiction. (Id.) Therefore, while decisions from other trial courts can provide guidance, they do not constitute binding precedent. (Matter of 22 Convenience Shop, Inc. v City of New York, 86 Misc 3d 788, 794 [Sup Ct, Kings County 2025].)Accordingly, it is hereby ORDERED that the motion of defendant Uber Technologies, Inc. for summary judgment dismissing the plaintiff's complaint and any cross-claims against it is DENIED.