CFG Merchant Solutions, LLC v Complete Auto. Repair Serv., LLC (2024 NY Slip Op 51512(U))

[*1]

CFG Merchant Solutions, LLC v Complete Auto. Repair Serv., LLC

2024 NY Slip Op 51512(U)

Decided on November 8, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 8, 2024
Supreme Court, Kings County

CFG Merchant Solutions, LLC, Plaintiff,

against
Complete Automotive Repair Service, LLC and JAMIE CARPENTER, Defendants.

Index No. 510085/2024

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 19-31.
Upon the foregoing papers, the Court having elected to determine the within motion on submission pursuant to 22 NYCRR 202.8-f and IAS Part 2 Rules, Part II (Motions & Special Proceedings), Subpart C (Appearances & Post-Order Matters), Section 6 (Personal Appearances) ("All motions presumptively are to be argued in person unless the Court informs the parties at least two days in advance that it has made a sua sponte determination that a motion will be determined on submission."), and due deliberation having been had thereon, the within motion is determined as follows.
This is an action commenced by the Plaintiff, alleging breach of a contract by the Defendant business to sell its future receivables to Plaintiff, otherwise known as a merchant cash advance contract. Plaintiff is moving for summary judgment on the causes of action in its complaint.
Plaintiff CFG Merchant Solutions, LLC alleges that it entered into a contract with Defendant business Complete Automotive Repair Service, LLC (hereinafter referred to as "Defendant business") to purchase $22,350 of said Defendant's future receivables. Defendant Jamie Carpenter is alleged to have personally guaranteed payment.
Plaintiff alleges further that it performed its duties in the contract by remitting the sum of $15,000 to purchase the receivables.
Plaintiff alleges that Defendant business breached the contract by interfering with Plaintiff's rights to collect moneys from said Defendant and by instructing Defendant's bank to stop payments.
Plaintiff's summary judgment motion seeks to hold Defendants liable in the sum of $17,996, comprised of $15,496 in unpaid receivables plus $2,500 in default fees.
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d at 324). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for the failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). If there is any doubt as to the existence of a triable issue of fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]).
In support of Plaintiff's motion, it submitted several exhibits, including what purport to be the contract (see NYSCEF Doc No. 23) and proof of payment of the purchase price and a payment history (see NYSCEF Doc No. 24).
Defendants oppose Plaintiff's motion for summary judgment in a memorandum of law (see NYSCEF Doc No. 28). Among their arguments are that Plaintiff failed to show the basis for calculations and failed to establish entitlement to additional fees; also, that Plaintiff failed to lay a proper foundation for the proffered business records.
In order for business records to be admissible in evidence, either on a motion or at trial, they have to meet the requirements mandated by law, as provided in CPLR 4518 and in case law. For this motion, Plaintiff relies on NYSCEF Doc No. 20, which is the affidavit of James Elder, the Director of Risk Management, to lay a foundation for the admissibility of the submitted records.
To be admissible in evidence, first, the records must be made in the regular course of business (see CPLR 4518 [a]). Second, it must be the regular course of business to make such records (see id.). Third, the records must have been made at the time of the act or occurrence or within a reasonable time thereafter (see id.).
Mr. Elder repeatedly uses the phrase "ordinary course of business," but does not provide any further details as to how the records are maintained. As it was noted in Rushmore Recoveries X, LLC v Skolnick (15 Misc 2d 823[A], 2007 NY Slip Op 51041[U], *3 [Dist Ct, Nassau County 2007]:
The repetitive statements of Mr. Fabacher, the Plaintiff's custodian of records, to the effect that he collects and maintains the records and documents of Citibank and/or any other prior assignees, "in the regular course of plaintiff's business" (Fabacher Affidavit 3/14/07, ¶ 1), as if they were magic words, does not satisfy the business records exception to the hearsay rule. That phrase, standing alone, does not establish that the records upon which the Plaintiff relies were made in the regular course of the Plaintiff's [*2]business, that it was part of the regular course of the Plaintiff's business to make such records, or that the records were made at or about the time of the transactions recorded.
To be admissible in evidence, fourth, the records must be made by a person who has personal knowledge of the act or occurrence and is under a business duty to report it. This foundational element is important in the realm of financial transactions because often acts or occurrences are recorded by one person or company and then transmitted to or incorporated into another company's records. It is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted (see Johnson v Lutz, 253 NY 124 [1930]; Bank of NY Mellon v Gordon, 171 AD3d 197 [2d Dept 2019]; Coolidge Capital LLC v Marine Plus LLC, 81 Misc 3d 1206[A], 2023 NY Slip Op 51278[U] [Sup Ct, Kings County 2023]; Capybara Capital LLC v Zilco NW LLC, 78 Misc 3d 1238[A], 2023 NY Slip Op 50476[U] [Sup Ct, Kings County 2023]).
In this motion, the fourth foundational element to establish the business record exception was not met because the entries contained in the submitted payment history emanated from a different entity; they had to because these transactions were made by wiring money. However, nowhere in Plaintiff's papers is there reference to the records of this other entity and there is no affidavit by someone with personal knowledge at this other entity. The Court relies on its decision in Fenix Capital Funding LLC v Sunny Direct, LLC (81 Misc 3d 1243[A], 2024 NY Slip Op 50131[U] [Sup Ct, Kings County 2024]). Each participant in the chain producing the record, from the initial declarant to the final entrant, must be acting within the course of regular business conduct or the declaration must meet the test of some other hearsay exception (see Johnson v Lutz, 253 NY at 128). Whoever at Plaintiff made the payment history record entries in its own records is unidentified in its papers (see Capybara Capital LLC v Zilco NW LLC, 2023 NY Slip Op 50476). The submitted payment history contains coded data, "X08" (NYSCEF Doc No. 24), which is not explained in the Elder affidavit (see NYSCEF Doc No. 20). Moreover, Mr. Elder stated that "R08" was used for April 8, 9, and 10, 2024 (see id. § 18, yet the code for April 10, 2024 is X08 (see NYSCEF Doc No. 24); this constitutes an inconsistency in the record evidence.
The Elder affidavit also included the following sentence: "As to Plaintiff's business records that consist of documents created by third parties, if any, Plaintiff relies on the accuracy of such records in conducting its business." This one-sentence declaration with respect to records of third parties is totally insufficient to meet the business record exception to the hearsay rule. There are no details as to exactly which records submitted are from third parties, the originator of the third-party records, what the basis is for the accuracy of these records, and the circumstances under which they were made (see People v Cratsley, 86 NY2d 81, 89-92 [1995]). "[T]he mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records" (id. at 90, see Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 782-783 [2d Dept 2019]).
Based on the foregoing analysis, the Court finds that the business records submitted as exhibits in support of Plaintiff's motion are inadmissible because they do not comport with the business records exception to the hearsay rule.
Plaintiff, through its affidavit and proffered exhibits, has failed to establish its entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 [*3]NY3d 733; Alvarez v Prospect Hosp., 68 NY2d at 324), because it failed to establish prima facie that Defendants committed a breach of contract. There being no prima facie case by Plaintiff on its motion for summary judgment, the burden of proof did not even shift to Defendants to establish a material fact in dispute. Accordingly, Plaintiff's motion for summary judgment is DENIED.
It is hereby ORDERED that Plaintiff's motion for summary judgment is DENIED.
E N T E R
HON. AARON D. MASLOW
JUSTICE OF THE SUPREME COURT